**N. L. DEMARA, Appellant,**

v.

**The EMPLOYERS LIABILITY ASSUR-
ANCE CORPORATION, Ltd.,**
Appellee.

No. 16729.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1958.

Rehearing Denied April 1, 1958.

Reynolds N. Cate, San Antonio, Tex., for appellant.

Charles Barrow, San Antonio, Tex., Moursund, Ball, Bergstrom & Barrow, San Antonio, Tex., of counsel, for appellee.

Before CAMERON, JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellant, N. L. Demara, was a salesman for Wm. Wrigley, Jr. Company. His territory was Western Oklahoma and the panhandle of Texas. His headquarters was at Oklahoma City and he was under a district office of his employer

located at Dallas, Texas. The employer provided him a car for use in his work. During the week of July 11, 1955, he was working in and in the area of Amarillo, Texas, and it was contemplated he would return to Oklahoma City for the following week end. Instead he went in the company car to visit his family in San Antonio, Texas. San Antonio was many miles distant from his territory. He was not assigned to any business there although he re-arranged Wrigley gum displays on the counters of two stores he visited in San Antonio. He was authorized to make personal use of the company car. His written authority restricted this personal use to an area of not more than fifty miles from his home. San Antonio is a distance of several times fifty miles from either Amarillo or Oklahoma City. Demara's employer had knowledge, so he stated, of prior trips made by him in the company car to San Antonio. Demara's expense account, which was paid by his draft on the company, showed him as traveling from Amarillo to Oklahoma City on July 15th and as being in the latter place on July 16th.

On July 17, 1955, while Demara was on the highway a short distance from San Antonio and headed for Oklahoma City, he lost control of the company car. The car over-turned and Demara was injured. The employer discharged him with pay through July 17th. Demara claimed to be entitled to workmen's compensation and brought an action in the District Court for recovery upon the claim, naming as the sole defendant the compensation insurance carrier of the employer. At the close of the plaintiff's case, in which the factual situation here outlined was developed, the court concluded that Demara was not acting in the course and scope of his employment at the time he was injured and directed a verdict for the defendant upon which judgment was entered.

Initially three specifications of error were assigned. By the first of these the appellant contended the case should have been continued to permit him to procure the attendance of the doctor who would testify as to the appellant's injuries. If the court's ruling as to liability is correct, the appellant has not been prejudiced by the lack of additional medical testimony. The point was not argued and will be treated as abandoned. The second specification says the court erred in refusing to quash depositions because of defective certificates. The depositions were not used and no attempt was made to use them. There is no merit in the point.

The third question presented raises the sufficiency of the appellant's evidence to carry him to the jury on the question of whether, at the time he was injured, he was acting in the scope of his employment.

There is no question as to the rule that workmen's compensation coverage ceases during deviations by an employee from the course and scope of the employment. Maryland Casualty Co. v. Levine, 5 Cir., 1933, 67 F.2d 816. Whether or not a given accident is so intimately related to the employment as to come within the coverage of the statute must depend upon its own particular facts and circumstances. American Mutual Liability Insurance Company v. Parker, 144 Tex. 453, 191 S.W.2d 844; Owen v. Hardware Mutual Casualty Co., 5 Cir., 1946, 158 F.2d 471. The coverage ceases during deviations by the employee from the course and scope of his employment. 45 Tex.Jur. 459, Workmen's Compensation § 72. A deviation would nonetheless be such even though the employee was driving a car which had been furnished him by the employer and which he was permitted to drive for personal as well as business purposes. The re-arranging of the gum displays by the appellant was not done in connection with the usual duties of the appellant nor at the request of his employer. Such activity would not place the appellant in the course and scope of his employment at the time he was injured. 58 Am.Jur. 729, 738, Workmen's Compensation §§ 224, 231.

In determining whether a directed verdict was proper all reasonable in-

ferences must be indulged in favor of the party against whom the verdict was entered. Borel v. United States Casualty Co., 5 Cir., 1956, 233 F.2d 385. The undisputed facts in this case show that the appellant was injured at a time when he was on a personal mission and while he was not in the course or scope of his employment. The directing of a verdict for the appellee was proper. The judgment is

Affirmed.