**BITUMINOUS CASUALTY CORPORA-TION, Appellant,**

v.

**Lettie Mae LIGON et al., Appellees.**

**No. 18750.**

United States Court of Appeals
Fifth Circuit.
May 30, 1961.

 

L. W. Anderson, Dallas, Tex., for appellant.

Otto Atchley, Texarkana, Tex., Charles J. Hlavinka, Atchley, Russell & Hutchinson, Texarkana, Tex., of counsel, for appellees.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This is an appeal from a judgment awarding death benefits under the Texas Workmen's Compensation Act after a trial by the Court without a jury. Only two matters are presented.

The first has to do with the status of Ligon, the decedent. The Insurer insists that as Ligon was regularly employed by the Employer as a long-haul over-the-road driver whose earnings were dependent on mileage driven and who had actually been off work for a week or so on account of a heart condition, his act of delivering some meat to a customer was that of a volunteer. He was not, therefore, an employee injured in the course and scope of his employment. In reply to this, it is asserted that under controlling Texas law, Halliburton v. Texas Indemnity Insurance Co., 1948, 147 Tex. 133, 213 S.W.2d 677; Grube v. Associated Indemnity Corp., 5 Cir., 1951, 187 F.2d 119, this is normally a question of fact. As usual, there is an abundance of case law reflecting the applicable standards in construing and applying Art. 8309 § 1 of the Statute which defines an employee as "every person in the service of another under any contract of hire, expressed or implied, oral or written * * *." Associated Employers' Lloyds v. Gibson, Tex.Civ.App.1951, 245 S.W.2d 738 (error dism'd); Nobles v. Texas Indemnity Insurance Co., Tex.Com.App.1930, 24 S.W. 2d 367 (recommendation adopted); Liberty Mutual Ins. Co. v. Nelson, 1944, 142 Tex. 370, 178 S.W.2d 514; Texas Employers' Insurance Ass'n v. Inge, 1948, 146 Tex. 347, 208 S.W.2d 867.

The facts are quite simple. Ligon was "visiting" the Employer's plant when a local rush order was received at a time when no local delivery trucks were available. In response to the general manager's great concern voiced to Ligon and several others that the delivery had to be made in "some way," Ligon said he would make the delivery in his personal automobile. While removing this load at its destination he suffered a heart attack.

From these facts there was an ample basis upon which the inference of employment, tested as it must be against the clearly erroneous concept of F.R.Civ. P. 52(a), 28 U.S.C.A., could rest. This inference could arise out of either the implied continuation of his prior status as an employee or the making of an implied agreement of hire for the particular task. Ligon was no casual stranger seeking work or offering to do a favor. The Employer's general manager testified without objection that on the occasion of the accident the Employer "considered him still as [its] employee." Once his status is that of an employee, not a "volunteer," what he was doing was clearly within the course and scope of his employment and in the direct furtherance of his master's business. The Insurer

no longer questions the sufficiency of the evidence to support the finding that death was the result of his carrying three 30-pound packages of meat from the car into the customer's place of business. This meets all of the tests. National Surety Corp. v. Bellah, 5 Cir., 1957, 245 F.2d 936, at page 939; Texas Indemnity Insurance Co. v. Hubbard, Tex.Civ.App. 1940, 138 S.W.2d 626 (error dism'd, judgment correct); Texas Employers' Insurance Ass'n v. Wright, Tex.Com.App.1936, 128 Tex. 242, 97 S.W.2d 171. This result is in no way in conflict with Demara v. Employers Liability Assurance Corp., 5 Cir., 1958, 250 F.2d 799; Holditch v. Standard Accident Insurance Co., 5 Cir., 1953, 208 F.2d 721; Maryland Casualty Co. v. Brown, 1938, 131 Tex. 404, 115 S. W.2d 394; American General Insurance Co. v. Coleman, 1957, 157 Tex. 377, 303 S.W.2d 370.

The second contention is that because Ligon had not remained in bed as instructed by his physician when his heart condition flared up a week earlier, this was a refusal to follow medical advice. Consequently, the Insurer urges, this was a violation of § 4, Art. 8307. So far no Texas case has applied this to the *cause* of the disability (or death) for which compensation benefits are sought. Its application thus far is apparently confined to failure to take proffered treatment after the alleged accidental injury. Argonaut Underwriters Insurance Co. v. Byerly, Tex.Civ.App.1959, 329 S.W.2d 937 (error ref. n.r.e.); Texas Employers' Insurance Ass'n v. Galloway, Tex. Civ.App.1931, 40 S.W.2d 973. We need not determine this legal point since the evidence warranted the inference that no such positive medical instructions had been given, hence there was no violation of them. Of course, these facts were relevant to the question of cause of death, but the Insurer no longer questions the sufficiency of the evidence to sustain the Trial Court's finding of fact that death was the result of the accidental injury.

Affirmed.