UNITED STATES of America and Jeanette E. Gondeck, Intervenor, Appellants,

v.

PAN AMERICAN WORLD AIRWAYS INCORPORATED and The Travelers Insurance Company, Appellees.

No. 18897.

United States Court of Appeals Fifth Circuit.

Feb. 9, 1962.

Rehearing Denied March 7, 1962.

Arthur Roth, Lloyd G. Bates, Jr., Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellants.

Leo M. Alpert, Miami, Fla., for appellees.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

JONES, Circuit Judge.

The district court set aside an order of William M. O'Keeffe, Deputy Commissioner, Department of Labor, by which compensation was awarded to Jeanette E. Gondeck for the death of her husband, Frank J. Gondeck, pursuant to the provisions of the Defense Base Compensation Act, 42 U.S.C.A. § 1651 et seq. By this statute the employees under it were covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The evidentiary facts are stipulated. The inferences drawn from the stipulated facts by the Deputy Commissioner and his findings are challenged.

Frank J. Gondeck, a Florida resident, was employed by Pan American World Airways in March, 1958, as a diesel generator operator at a defense base on San Salvador Island, British West Indies. His work required him to put in an eight-hour shift on the job after which he was off twenty-four hours. He was subject to call for emergencies when off duty. He lived at a dormitory on the Base. There was a recreation center on the Base known as the Reef Club. At Cockburn Town, about three miles from the Base, was a night club known as the Blue Marlin Club. Pan American operated a bus on a regular schedule for transporting its employees, without charge between the Base and the town. Pan American supplied a jeep for transporting the diesel operators to and from the several generating plants.

Gondeck went off duty at 4:00 o'clock on the afternoon of April 24, 1958. With seven or eight other employees he went to the Reef Club where they sat around drinking champagne, with time out for chow, until about 7:30 o'clock in the evening when Gondeck, in the company of James F. Norman, Fox F. Fry and R. M. Smith, took off in the jeep for town. They went to the Blue Marlin, a native club, where they stayed for about fifteen minutes, had a beer, and started back to the Base with Norman driving the jeep. The use of the jeep for personal missions of employees was forbidden by Pan American. Norman and Smith had been warned a few days earlier that the jeep was not to be used except for official business. It was not shown whether this was known by Gondeck. As the jeep approached the gate to the Base, it went out of control, skidded, and turned over. Smith was killed. Gondeck sustained brain injuries from which he died three days later. In his order making an award of compensation the Deputy Commissioner found, among other things,

that Gondeck had completed his day's work and was, on the journey to Cockburn Town, seeking reasonable recreation and entertainment, that he was on call for emergency duty. An award was made to the widow for herself and the child of the decedent by the Deputy Commissioner against Pan American and Travelers Insurance Company, its compensation insurance carrier.

Pan American and the Travelers Insurance Company brought suit against the Deputy Commissioner to set aside the award and to enjoin its enforcement. The United States Attorney represented the Deputy Commissioner in the litigation. Jeanette E. Gondeck intervened. On September 15, 1960, (and here the dates begin to become important), the district court made and filed findings of fact and conclusions of law in which it was stated that there was no substantial evidence that Gondeck was engaged in the scope of his employment at the time of his injury or that his injury and subsequent death arose out of or in the course of his employment. It was concluded that the award should be set aside. On September 21, 1960, the Deputy Commissioner filed a motion to amend the findings and conclusions or for a new trial. On September 26, 1960, Mrs. Gondeck filed a similar motion. The court's judgment setting aside the award and enjoining its enforcement was dated November 7, 1960, and filed on the following day, November 8, 1960. On November 16, 1960, orders were entered denying the two motions. On January 13, 1961, the United States, which was never a party to the suit, filed a notice of appeal, not from the judgment, but from the order "denying Motion to Amend Findings of Fact and Conclusions of Law and denying Motion for New Trial." On January 13, 1961 the intervenor filed a notice of appeal from the final judgment of November 8, 1960, and the order of November 16, 1960. The appellees have moved to dismiss the appeal of the United States on the ground that it was not and is not a party and has no right to appeal, that the order on the motion for which it attempts to appeal is not a final order, and that the appeal was not taken within the time permitted by the rules. The appellees also move to dismiss the appeal by the intervenor on the ground that her appeal was not taken within the prescribed time.

We think there must be a dismissal of what purports to be an appeal of the United States. It was not a party to the proceedings in the district court and would not have been a proper party had it sought to become one. The identity of the United States and of the Deputy Commissioner are separate. No notice of appeal was filed by the Deputy Commissioner although the United States Attorney filed in his name a statement of "points on appeal" and a designation of the record on appeal. These do not make an appellant out of either the United States or the Deputy Commissioner. These matters do not preclude the intervenor Jeanette E. Gondeck, from taking an appeal by the timely filing of a notice of appeal. Whether she has done so is one of the questions for our decision.

The appeal of the intervenor was, we conclude, taken within the prescribed time. The running of the time for taking an appeal is suspended until disposition is made of a timely motion to amend or make additional findings of fact. Rule 73(a) Fed.Rules Civ.Proc. 28 U.S.C.A. Where, as in the case here, the motion presented a substantial question and the motion is not disposed of, either expressly or by necessary implication, by the judgment, the rule is applicable although the motion was made before but not overruled until after the judgment. Phinney v. Houston Oil Field Material Co., 5th Cir., 1958, 252 F.2d 357; Partridge v. Presley, 88 U.S.App. D.C. 298, 189 F.2d 645, cert. den. 342 U. S. 850, 72 S.Ct. 79, 96 L.Ed. 642. Cf. United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160. The order on the motion was entered November 16, 1960. The intervenor's notice of appeal was filed on January 13, 1961. The Deputy Commissioner was an officer of the United States and therefore

the time for taking an appeal was sixty days as to all parties, including the intervenor. 28 U.S.C.A. § 2107, Rule 73(a), supra.

█ The intervenor-appellant asserts that "In the absence of a finding that Gondeck was injured and killed within the terms of Sec. 903(b),[1] the award must be reinstated." This is not an accurate statement, at least since the passage of the Administrative Procedure Act,[2] of the principle governing a judicial review of an administrative determination. The findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. The intervenor urges the proposition that Gondeck was entitled to seek recreation away from the base where he was employed as an incident of his employment and, having received the injuries resulting in his death in returning from a recreational excursion, it follows that death benefits under the Act are payable. The doctrines applicable cannot be stated by such a broad theorem. Professor Larson, thus announces the general principles:

"Recreational or social activities are within the course of employment when

"(a) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or

"(b) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

"(c) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life." 1 Larson's Workmen's Compensation Law 328, § 22.00.

█ The stated tests are not here met. We do not think it can be said that the employer sponsored the activity of going to Cockburn Town for recreation because it furnished free bus service between the town and the base. If such sponsorship could be inferred it would not inhere in an expedition made in the employer's jeep which the employees were prohibited from using for such purposes. The intervenor contends that Gondeck was subject to call at all times and that this, in some manner, made his fatal injury an occurrence in the course of employment. The premise is unsupported and it is the Deputy Commissioner's finding that Gondeck was injured and killed "when, having completed his day's work" he journeyed to town, drank a beer, and was returning to his quarters. The injury did not occur on the employer's premises nor during the employee's working time. The injury and death of Gondeck were wholly disassociated from his employment environment. He had not been using recreational facilities furnished by the employer nor did he use the means of travel to and from the place of recreation furnished by the employer. No benefit to the employer has been shown to result from the going by Gondeck to a native club for a beer unless it be for the intangible and, we think, immaterial benefit of improvement of morale that might be the consequence of such an excursion. The trip cannot be regarded as necessary travel to and from work. We find no evidence that furnishes a link by which the activity in which Gondeck was engaged was related to his employment. Larson, supra, 328–342, §§ 22.00–22.30; 99 C.J.S. Workmen's Compensation § 221c, p. 737 et seq.; 58 Am.Jur. 743, Workmen's Com-

1. No compensation shall be payable if the injury was occasioned solely by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another. 33 U.S.C.A. § 903(b).

2. 5 U.S.C.A. §§ 1001–1011.

pensation § 237; O'Leary v. Brown-Pacific-Maxon, Inc., supra; Ward v. Cardillo, 1943, 77 U.S.App.D.C. 343, 135 F.2d 260; N. L. Demara v. Employers Liability Assurance Corp., 5th Cir. 1958, 250 F.2d 799, cert. den. 358 U.S. 845, 79 S.Ct. 69, 3 L.Ed.2d 79; National Surety Corporation v. Bonds, 5th Cir. 1960, 275 F.2d 389, cert. den. 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 73; Brown-Pacific-Maxon, Inc. v. Pillsbury, D.C.N.D.Calif.1953, 132 F. Supp. 421.

The appeal of the United States will be dismissed.

The judgment of the District Court setting aside and enjoining the enforcement of the Deputy Commissioner's order is

Affirmed.