Geneva **HARRISON**, Plaintiff,

v.

**UNITED STATES** of America and Gary
E. Morgan, Defendants.

Civ. A. No. 1479–NN.

United States District Court
E. D. Virginia,
Newport News Division.

Aug. 11, 1969.

Alvin B. Fox, Newport News, Va., for plaintiff.

William T. Mason, Jr., Asst. U. S. Atty., Norfolk, Va., Shannon T. Mason, Newport News, Va., for defendants.

## MEMORANDUM ORDER AND PARTIAL JUDGMENT

WALTER E. HOFFMAN, Chief Judge.

Plaintiff instituted this action on December 3, 1968, under the Federal Tort Claims Act, 28 U.S.C. section 2671 et seq., as to the United States of America, and by reason of diversity of citizenship and the amount in controversy as to Gary E. Morgan.

Plaintiff, at all times pertinent hereto, was employed at a Day Nursery, a nonappropriated fund instrumentality, maintained as such at Langley Air Force Base, Hampton, Virginia. If injured out of and in the course of her employment, her rights against the United States are limited to the Longshoremen's

and Harbor Workers' Compensation Act, 33 U.S.C. section 901 et seq., made applicable to nonappropriated fund instrumentalities by 5 U.S.C. sections 8171 and 8173 (formerly 5 U.S.C. section 150K-1).

The Government owns and operates free shuttle buses within the confines of the Langley Air Force Base. While primarily for the benefit of employees within the military enclave, it is apparently available to the general public as it is the only form of public intrabase transportation. The bus operators are paid directly by the Air Force. The City of Hampton public buses enter the Base, load and unload at a traffic circle a short distance within the Base, and then return to Hampton. Of course, many employees drive their own automobiles to and from work and the plaintiff, on occasions, provided her own transportation although she generally used the public transportation to the traffic circle and then boarded the shuttle bus.

■ On December 7, 1967, plaintiff had completed her day's work at the Day Nursery. She boarded a shuttle bus shortly after 4:00 p. m. The bus was about to leave the entrance to the Base hospital for the purpose of turning left into Nealy Avenue. A stop sign controlled traffic about to enter Nealy Avenue. While the bus probably stopped at or near the stop sign, it is obvious that the driver did not look to his left as he was about to make his left turn. The defendant, Gary E. Morgan, was proceeding along Nealy Avenue in the lane closest to the bus as it approached Nealy Avenue to Morgan's right. The front of the bus struck the right rear side of the Morgan car. There is no issue of speed proximately contributing to the accident, and the sole proximate cause of same is due to the bus operator's failure to yield the right-of-way. The latter's contention that Morgan had his right turn signal on, in-

dicating an intention to turn right into the Base hospital road, is rejected.

For the reasons herein stated, judgment must be entered in favor of the defendant, Gary E. Morgan, and it is so ORDERED but the finality of said judgment for the purposes of appeal is deferred as hereinafter indicated.

While the sole proximate cause of the accident was the negligence of the Air Force shuttle bus operator, the United States has filed timely pleadings indicating that plaintiff's exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act. The threshold question is whether the court is the proper body, in the first instance, to determine whether there is coverage under the act.[1]

■ It appears that wherever there is a substantial possibility that a claim for injury is compensable under the act in question, a claimant should first attempt to recover through the administrative processes of the act. United States v. Charles, 130 U.S.App.D.C. 151, 397 F.2d 712 (1968). Cf. Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769 (1962).

■ We believe that there is a substantial possibility that plaintiff's injury arose "out of and in the course of employment." Without suggesting that the authorities are apposite, we draw some analogy to O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Pan American World Airways, Inc. v. O'Hearne, 335 F.2d 70 (4 Cir., 1964); O'Keeffe v. Pan American World Airways, 338 F.2d 319 (5 Cir., 1964); Gondeck v. Pan American Airways, 382 U.S. 25, 86 S.Ct. 153, 15 L.Ed.2d 21 (1965), reversing United States v. Pan American World Airways, Inc., 299 F.2d 74 (5 Cir., 1962) in which certiorari was previously denied, 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499 (1962), and rehearing was denied, 371 U.S. 856, 83 S.Ct. 17, 9 L.Ed.2d 93

---

1. In argument it was said that the compensation insurance carrier for the nonappropriated fund instrumentality took the position that coverage was not afforded. This, of course, is not the final determination of the question presented.

(1962). In any event we conclude that the Deputy Commissioner is the proper party to initially determine whether the injury arose out of and in the course of employment.

It is quite true that, as a general rule, injuries sustained while going to and from work are not compensable under any workmen's compensation framework. United States Fidelity and Guaranty Co. v. Donovan, 94 U.S.App.D.C. 377, 221 F.2d 515 (1954). We do not believe that United States v. Udy, 381 F.2d 455 (10 Cir., 1967), is controlling. In that case the plaintiff's decedent was operating his own vehicle which had been parked during working hours outside the restricted area of the base where he worked and, because the public highway on the outside was under construction, decedent was permitted to drive within the restricted area during the construction period. Plaintiff's decedent was killed in an accident about three miles from the immediate place of employment, but still within the restricted area. Under these circumstances the court properly held that there was no substantial question of coverage under the Federal Employees' Compensation Act.

The United States concedes that plaintiff should be granted a reasonable time within which to file her claim with the Deputy Commissioner. The proceedings herein will be stayed for a period of 90 days to permit plaintiff to file such a claim, but if plaintiff prefers an order may sooner be entered dismissing the case for lack of jurisdiction to permit plaintiff to appeal the decision of this court. To prevent a possible multiplicity of appeals, the judgment in favor of Gary E. Morgan shall not become effective as a final judgment until such time as the Deputy Commissioner has ruled upon the question of coverage, unless the plaintiff elects not to file such claim and wishes to appeal from the court's ruling. If a claim is filed with the Deputy Commissioner and he rules that there is no coverage under the act, with the Deputy Commissioner's order being sustained on review, the Court

will then enter a judgment against the United States based upon the evidence presented. If the Deputy Commissioner rules that coverage is afforded under the act, and if the ruling is affirmed on review, the Federal Tort Claims action will then be dismissed. It is so ordered.