**GREATER HOUSTON CHAPTER OF THE AMERICAN CIVIL LIBERTIES UNION, et al., Plaintiffs-Appellees,**

**v.**

**Robert ECKELS, Defendant-Appellant.**

**No. 84–2412**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 18, 1985.

Rehearing En Banc Denied May 28, 1985.

---

T. Gerald Treece, Houston, Tex., for defendant-appellant.

Snow & Whitworth, Joellen Snow, Houston, Tex., Stefan Presser, Legal Director, Amer. Civ. Lib., Union of Pennsylvania, Philadelphia, Pa., for plaintiffs-appellees.

Mark D. Stern, American Jewish Congress, New York City, amicus curiae.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

This appeal arises from a successful challenge by the ACLU to defendant Robert Eckels' placing of three crosses and a star of David in a county-owned park in Harris County, Texas. Since no timely notice of appeal was filed, we are without jurisdiction and therefore dismiss the appeal.

## I.

The procedural chronology which compels this dismissal is as follows: the district court filed findings of fact and conclusions of law in favor of the ACLU on May 22, 1984, 589 F.Supp. 222. On June 2, Eckels filed a motion for a new trial. On July 5, the district court entered final judgment, and ordered that counsel submit memorandum on the motion for new trial. Eckels filed a notice of appeal from the July 5 final judgment on July 17. The motion for new trial was denied on July 24, and no notice of appeal was filed after that date.

Federal Rule of Appellate Procedure 4(a)(4) sets forth the time limits for filing a notice of appeal following a motion for new trial:

(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

The sole notice of appeal in this record was filed prior to the entry of the decision on Eckels' motion for a new trial. In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), a case involving an identical chronology, the Supreme Court interpreted Rule 4(a)(4) to mean precisely what it says:

Under the plain language of the current rule a premature notice of appeal "shall have no effect"; a new notice of appeal "must be filed." In short it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act.

459 U.S. at 61, 103 S.Ct. at 403.

If Eckels' motion for a new trial was properly made, the notice of appeal filed prior to the decision on that motion is completely without effect. Since we notice the jurisdictional flaw without benefit of briefing by the parties, we have examined the question whether the motion was timely with some care. We conclude that although the motion was filed prior to the formal entry of judgment, it was timely and proper. Rule 59(b) of the Federal Rules of Civil Procedure provides that "[a] motion for new trial shall be served not later than ten days after the entry of judgment." This language does not explicitly require that a motion for new trial be made *after* judgment is entered, and it has not been interpreted to include this requirement. In *United States v. Pan American World Airways*, 299 F.2d 74 (5th Cir.1962), rev'd on other grounds sub nom *Gondeck v. Pan American World Airways*, 382 U.S. 25, 86 S.Ct. 153, 15 L.Ed.2d 21 (1965), a motion to amend the findings of fact and conclusions of law or for a new trial was filed six weeks prior to the entry of final judgment. An order denying the motion was entered on November 16, and notice of appeal was filed January 13, 1961. Since

an officer of the United States was a party to the action, the time for taking an appeal was sixty days. We concluded that the notice of appeal was timely:

> The running of the time for taking an appeal is suspended until disposition is made of a timely motion to amend or make additional findings of fact.... Where, as in the case here, the motion presented a substantial question and the motion is not disposed of, either expressly or by necessary implication, by the judgment, the rule is applicable although the motion was made before but not overruled until after the judgment.

299 F.2d at 76. *United States v. Pan American World Airways* was later reversed by the Supreme Court on another point, but its reasoning with regard to the timeliness of an early motion for a new trial is persuasive and is the accepted view.[1] In this case the entry of judgment obviously was not intended to dispose of the motion for new trial, since the district court ordered the parties to brief the matter on the same day that the judgment was entered, and the court subsequently considered and made a decision on the motion. Since no notice of appeal was filed following the entry of the decision on the new trial motion, we are without jurisdiction of this appeal.[2]

DISMISSED.

---

**1.** See *Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1335 (9th Cir.1983); *American Security Bank v. John Y. Harrison Realty,* 670 F.2d 317, 321 (D.C.Cir.1982); *Director of Revenue v. United States,* 392 F.2d 307 (10th Cir. 1968); 9 J. Moore, *Moore's Federal Practice* ¶ 204.12[4] (2d Ed.1983).

**2.** The requirement of timely notice of appeal may be satisfied by filings which are substantially equivalent to a notice of appeal. E.g., *Alamo Chemical Transportation Co. v. M/V OVERSEAS VALDES,* 744 F.2d 22 (5th Cir. 1984); *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974). This record contains nothing following the July 24 denial of the motion for new trial which could function as a substantial equivalent of formal notice.