George W. JURGENS and Margaret M. Jurgens, Plaintiffs/Cross–Appellants,

v.

Timothy McKASY d/b/a Tonka Marketing and CBK, Ltd., Defendants–Appellants.

Nos. 89–1645, 89–1658 and 90–1105.

United States Court of Appeals, Federal Circuit.

May 22, 1990.

Brian B. O'Neill, Faegre & Benson, Minneapolis, Minn., argued for plaintiffs/cross-appellants. With him on the brief were Alan M. Anderson and Felicia J. Boyd.

Thomas W. Tinkham, Dorsey & Whitney, Minneapolis, Minn., argued for defendants-appellants. With him on the brief were Stuart R. Hemphill, Michael J. Wahoske and Richard C. Strasser.

Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.

RICH, Circuit Judge.

## ORDER

Appellants Timothy McKasy and CBK, Ltd. (collectively McKasy) move to dismiss the cross-appeal of appellees George W. Jurgens and Margaret M. Jurgens (collectively Jurgens) from the July 5, 1989 judgment of the United States District Court for the District of Minnesota, on the ground that Jurgens' notice of cross-appeal was filed prior to the district court's disposition of a motion for prejudgment interest. Jurgens opposes the motion. We will grant the motion and dismiss cross-appeal number 89–1658.

## BACKGROUND

On June 25, 1986, Jurgens sued McKasy for selling wind socks having the appearance of various fowl, such as ducks. Jurgens accused McKasy of patent infringement, trade dress infringement under Lanham Act § 43(a), 15 U.S.C. § 1125(a) (1982), and violating the Minnesota Deceptive Trade Practices Act, Minn.Stat. § 325D.44 (MDTPA).[1] The case was tried to a jury which returned special verdicts in Jurgens' favor on the patent infringement and Lanham Act claims, but against Jurgens on the MDTPA claim.

The trial court advised counsel for both parties that it would postpone entry of judgment on the jury verdicts until it had received post-trial motions. On June 5, 1989, Jurgens moved for, among other things, attorney fees, prejudgment interest, and, as to the MDTPA claim, JNOV/new trial. In an order of July 5, 1989, the judge resolved substantially all pending post-trial motions, in particular awarding JNOV to Jurgens on the MDTPA claim. Importantly, however, the July 5th order explicitly deferred decision of Jurgens' request for prejudgment interest and attorney fees until further briefing could be had. Judgment was entered that same day, leaving the motions for prejudgment interest and attorney fees for later disposition.

On August 3, 1989, within 30 days of the district court's entry of judgment, McKasy filed a notice of appeal from that judgment in the district court. On August 11, 1989, within 14 days of McKasy's appeal, Jurgens filed its notice of cross-appeal. These appeals are presently *sub judice* as numbers 89–1645 and 89–1658 respectively. On October 27, 1989, after Jurgens had filed its notice of cross-appeal in the district court, the district court granted Jurgens' pending motion for prejudgment interest and amended the judgment of July 5, 1989 to include interest of $79,496.09. Jurgens' motion for attorney fees was denied.

On November 27, 1989, defendant McKasy filed a notice of appeal from the court's judgment of October 27, 1989.[2] In its letter to the district court forwarding the notice, McKasy stated that it was filing this second notice out of an abundance of caution "[b]ecause there is some question as to the effect of a motion for prejudgment interest made prior to the entry of judgment (but which remains pending after the entry of judgment) on a notice of appeal filed after the entry of judgment but before the disposition of the pending motion." Although a copy of this letter was sent to plaintiff Jurgens, it filed no notice of cross-appeal from the second judgment.

---

1. The patent infringement claim was against only McKasy the individual.

2. This appeal has been assigned docket number 90–1105.

On January 17, 1990, McKasy moved to consolidate the three appeals in this court, to accept for filing in the newly-consolidated case the briefs which already had been filed in the first appeal and cross-appeal (Nos. 89–1645 and 89–1658), and to dismiss Jurgens' cross-appeal (No. 89–1658) as untimely. A motions judge of this court, by Order of February 1, 1990, granted the motion to consolidate and accept briefs, but deferred the motion to dismiss for consideration by the present merits panel, which has now heard oral argument of these appeals on March 6, 1990. In advance of deciding the merits of McKasy's second appeal, No. 90–1105, we now consider McKasy's motion to dismiss Jurgens' cross-appeal, No. 89–1658.

## DISCUSSION

The precise question before us is whether a motion for prejudgment interest filed before the formal entry of judgment constitutes a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment and renders ineffective any notice of appeal filed before the disposition of that motion. McKasy asserts that Jurgens' June 5, 1989 motion requesting prejudgment interest and other relief was a timely motion under Rule 59(e) to amend the July 5, 1989 judgment. Thus, according to McKasy, Jurgens' notice of cross-appeal filed prior to the disposition of that motion was premature and has no effect. Since Jurgens did not file a second notice of cross-appeal, McKasy concludes that this court has no jurisdiction over Jurgens' cross-appeal.

Federal Rule of Appellate Procedure 4(a)(4) ("Rule 4(a)(4)") deals with the impact of certain post-trial motions on the jurisdiction of a court of appeals. It states in pertinent part:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 *to alter or amend the judgment* ..., the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion. *A notice of appeal filed before the disposition of [such motion] shall have no effect. A new notice of appeal must be filed* within the prescribed time measured from the entry of the order disposing of the motion as provided above. [Emphasis ours.]

Reading the rule in light of the procedural history of this case raises two questions. First, is a timely post-judgment motion for prejudgment interest a Rule 59(e) motion to alter or amend a judgment of patent and trade dress infringement? Second, should Jurgens' *pre*-judgment motion be considered a timely Rule 59(e) motion to alter or amend the July 5th judgment, considering that it was filed after the jury verdict but one month before the entry of judgment?

## I. Is a Post–Judgment Motion for Pre–Judgment Interest a Rule 59(e) Motion?

■ In *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), the Supreme Court held that a motion for prejudgment interest filed after the entry of judgment constitutes a Rule 59(e) motion to alter or amend the judgment and renders of "no effect" any notice of appeal filed before a ruling on that motion. The court distinguished prior decisions holding that motions for costs or attorney fees were not Rule 59(e) motions. *See White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (attorney fees); *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) (costs). The court reasoned that prejudgment interest, unlike attorney fees and costs, traditionally has been considered part of the plaintiff's compensation. 109 S.Ct. at 991. Secondly, the court concluded that costs and attorney fees are issues which are "wholly collateral to the judgment in the main cause of action," *id.*, whereas prejudgment interest is an issue which is "intertwined in a significant way with the merits of the plaintiff's primary case as well as the extent of his damages," *id.* at 992.

■ *Osterneck* would seem to settle the first question before us, but Jurgens ar-

gues the decision "must be read as nullifying only those notices of appeal that [can be] affected in some way by the pending prejudgment interest motion." According to Jurgens, since his prejudgment interest motion could not have "affected" his cross-appeal on punitive damages, his notice of cross-appeal is still effective.

We disagree. It is true that there must be a nexus between the subject of a post-trial motion and the *merits of the underlying action* in order for the motion to be considered a Rule 59(e) motion to alter or amend the judgment. In fact, the very question decided by the court in *Osterneck* was that a post-judgment motion for prejudgment interest *was* "intertwined in a significant way with the merits of the plaintiff's primary case as well as the extent of his damages." *Id.* at 991. Once that threshold question has been resolved, however, and the motion has otherwise been determined to be a Rule 59(e) motion, Rule 4(a)(4) comes fully into play. Rule 4(a)(4) is unqualified: an outstanding Rule 59(e) motion renders *all* prior notices of appeal of no effect, whether or not there is any further nexus between the subject matter of the motion and the subject matter of the appeal.

Jurgens also dwells on the district court's failure to enter an "AMENDED JUDGMENT." According to Jurgens, "the judgment entered by the district court on October 27, 1989 was in essence a separate judgment, distinct from the [prior] judgment entered on July 5, 1989." Apparently, Jurgens believes that a facially independent second judgment does not "amend" the first judgment as required by Rule 59(e), therefore a notice of appeal filed from the first judgment must still be valid. We reject this reasoning. First of all, the label placed upon the judgment matters little. By the terms of Rule 4(a)(4), what is important in determining the validity of a notice of appeal is whether the pending *motion* was one to amend the prior judgment. If the motion falls within Rule 4, we fail to see how the form of the judgment disposing of the motion could remove it from Rule 4. Second, and perhaps equally important to our decision, the judgment of October 27, 1989 explicitly amended the prior judgment of July 5, 1989.[3]

■ Jurgens' final argument is that because his cross-appeal was far down the appellate pipeline when the district court disposed of the outstanding motion for prejudgment interest (i.e., briefs had been filed, etc.), application of the *Osterneck* decision would be unjust and merely undermine certainty in the appeal process. Perhaps that is true in the circumstances of this case; nonetheless, the application of Rule 4(a)(4) is "'mandatory and jurisdictional.'" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (quoting *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)). We simply have no discretion to waive defects in a premature notice of appeal, whatever the consequence. *Id.*[4]

## II. Was Jurgens' Motion Under Rule 59(e)?

■ Rule 59(e) states "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." It could reasonably be argued that Jurgens' motion—filed June 5, 1989, one month before the district court's entry of judgment on July 5, 1989—was not a motion to amend the judgment because, when it was filed, there was no judgment to amend.[5] The language of Rule 59(e),

---

**3.** It states: "[T]he judgment entered 7–5–89 [is] amended to include $4,233.14 against deft. McKasy and $75,262.95 against CBK and its partners Robert and Carl Kirkland."

**4.** Jurgens' appellate brief filed on November 16, 1989 can not substitute for a notice of appeal, even if it otherwise complies with the requirements of Fed.R.App.P. 3 and 4. *See e.g., United States v. Cooper,* 876 F.2d 1192, 1196 (5th Cir.

1989) (appellate brief is not a substitute for a notice of appeal).

**5.** Jurgens does not raise this argument in its motion papers, but because the issue is jurisdictional, we feel obliged to raise it of our own motion. *See e.g., Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976).

however, does not expressly require that there be a pre-existing judgment. It only requires that the motion be served "not later than 10 days after entry of judgment," a condition certainly met here. Moreover, both the court and the parties at all times recognized that Jurgens' motion would survive entry of judgment, thereby becoming, strictly speaking, a motion to *amend* the judgment. Indeed, the court established a briefing schedule for the motion in an order entered contemporaneously with the judgment. Order of July 5, 1989.

In view of these circumstances, we agree with the majority of our sister circuit courts and the commentators that the ten-day limit in Rule 59 sets only a maximum period and does not nullify an otherwise valid motion made before a formal judgment has been entered. *See Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979) (motion to alter or amend judgment); *Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc.,* 661 F.2d 761, 764 n. 1 (9th Cir.1981) (motion for new trial); *Hilst v. Bowen,* 874 F.2d 725, 726 (10th Cir.1989) (motion for reconsideration); *Greater Houston Chapter of the ACLU v. Eckels,* 755 F.2d 426, 427–428 (5th Cir.1985) (motion for new trial); *American Sec. Bank, N.A. v. Harrison Realty,* 670 F.2d 317, 321 (D.C.Cir.1982) (motion for new trial); *Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1335 (9th Cir.1983) (Rule 52(b) motion to amend); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2812 at 81–82 (1973) (motion for new trial). *But see Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550, 1556 (11th Cir.1988) (motion for JNOV).

Accordingly, IT IS ORDERED THAT:

Cross-appeal number 89–1658 is dismissed for lack of jurisdiction.

* The Honorable William Browning, District Judge, United States District Court for the District of Arizona.