**Mark T. DUNN, Trustee in bankruptcy for the Estate of Steven D. Stone, Plaintiff–Appellee,**

v.

**TRUCK WORLD, INCORPORATED, and Don Schwalbach, Defendants–Appellants.**

No. 90–3641.

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 1991.

Decided April 5, 1991.

William T. Hundman, Dunn, Goebel, Ulbrich, Morel & Hundman, Marvin H. Gesell, Arnold, Gesell & Schwulst, Bloomington, Ill., for plaintiff-appellee.

Gary L. Cline, Craig A. Randle, Londrigan, Potter & Randle, Springfield, Ill., Robert Silverstein, Milwaukee, Wis., for defendant-appellant.

Before POSNER, EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

The loser in civil litigation may ask a district court to grant a new trial, or otherwise alter the judgment, "not later than 10 days after entry of the judgment." Fed.R. Civ.P. 59(b) and (e). May the losing party file such a motion *before* judgment? If so, what effect does such a motion have on appellate jurisdiction?

The jury returned a verdict of $50,000 for the plaintiff on May 17, 1990. While the jury was deliberating, the district judge had asked for memoranda on the question whether the court had given the jury the proper instruction concerning causation. The court gave the parties until May 21 to file their replies, so no one expected the court to enter judgment on the verdict immediately. Indeed the court did not. It waited until May 31, when it filed an opinion concluding that the proximate cause instruction was proper. The judgment entered that day awards the plaintiff $50,000 plus legal fees and costs. The court gave the plaintiff 15 days to submit an itemized bill of fees.

Two days before the court entered this judgment, defendants filed a "Motion for Judgment N.O.V. New Trial or Remittitur". The opinion of May 31 did not mention this motion. On June 12 defendants filed a notice withdrawing their motion. The district judge did not react to this notice. After additional discovery, the district judge filed on November 9 an opinion and judgment awarding the plaintiff $16,666 for legal fees, and another $241 in costs. Defendants filed a notice of appeal on November 20. We called for memoranda on the question whether this notice of appeal presents for decision any issue other than the award of fees and costs.

*Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), holds that a decision on the merits is final, and the time for appeal begins running, even though questions concerning attorneys' fees remain open. One who waits for the award of fees accordingly may forfeit review of the merits. Defendants attempt to avoid *Budinich* on the ground that in this case the fees were awarded, but not quantified, in the judgment itself. This is an irrelevant detail. *Budinich* adopts a sharp line: the merits and awards of fees are *always* distinct for purposes of finality. The whole point of the case was to end case-by-case inquiries into the relation between the merits and the fee award. The Supreme Court chose a rule to enable both the parties and the court of appeals to know with certainty when the time for appeal begins and ends. *Exchange National Bank v. Daniels,* 763 F.2d 286, 291–94 (7th Cir.1985), dissolves any doubt. *Daniels,* like this case, involved a decision concluding the merits and awarding fees in an amount to be determined. We held that such a decision is final, and that a party wishing to obtain review of the merits must appeal at once. A notice of appeal filed in November comes too late to protest a judgment entered in May—unless defendants' motion for a new trial suspended the finality of the judgment.

As the parties see things, we must decide whether the loser may file a motion

Content:

---

for a new trial before the entry of judgment. If this is the question, then the answer is easy. It may. Rule 59 says that the motion must come "not later than 10 days after entry of the judgment." A pre-judgment motion satisfies this requirement. See *Jurgens v. McKasy*, 905 F.2d 382, 386 (Fed.Cir.1990) (collecting other cases). Cf. *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, — U.S. —, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991).

Defendants need more than a timely Rule 59 motion, however, for the time to appeal is tolled only until the disposition of the motion. "[T]he time for appeal ... shall run from the entry of the order denying a new trial or granting or denying any other such motion." Fed.R.App.P. 4(a)(4). When a party files a pre-judgment motion for a new trial, the judgment itself is the order "denying a new trial". A district court need not write a comprehensive opinion explaining why it denied a motion for a new trial; indeed, the judge need not give an explanation of any kind. Rule 59 motions may be denied out of hand, without waiting for replies. Final judgment necessarily denies pending motions, and so starts the time for appeal. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981); *Cohen v. Curtis Publishing Co.*, 333 F.2d 974, 977–78 (8th Cir.1964); *Mosier v. Federal Reserve Bank of New York*, 132 F.2d 710 (2d Cir.1942).

Any other approach produces a morass. Some district judges might close the case on entry of judgment, treating this as denying all pending motions without need to catalog them one by one. Other judges might keep a motion or two under advisement. No one would know whether the question was live, when the time for appeal started, or even which court had jurisdiction. *Budinich,* in common with cases such as *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), emphasizes the need for simplicity and clarity in jurisdictional matters. The only hope of fulfilling these goals lies in treating the judgment as denying pending Rule 59 motions.

Certainty will be elusive even so, because not all documents in the form of judgments are "final". *Osterneck* holds that an outstanding request for pre-judgment interest defers finality, because it means that damages have not been fully quantified. Thus when, as in *Jurgens,* the Rule 59 motion seeks pre-judgment interest, a subsequent judgment that does not address the subject is not final. Inability to appeal follows not from Rule 4(a)(4) but from 28 U.S.C. § 1291, limiting appeals to final decisions. Under *Budinich* and *Daniels* the May 31 judgment in this case is "final" and appealable. The notice of appeal they eventually filed presents for decision only questions concerning attorneys' fees and costs. The case will proceed limited to these questions.