949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KENNECOTT CORPORATION, Plaintiff/Cross-Appellant,
v.
KYOCERA INTERNATIONAL, INC., and Kyoto Ceramic Co., Ltd.,
Defendants-Appellants.
 Nos. 91-1390, 91-1415.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 At the direction of the court, the parties have briefed the issue of the timeliness of Kyocera International, Inc. and Kyoto Ceramic Co., Ltd.'s (Kyocera) appeal.
 
 
 2
 On March 22, 1991, the United States District Court for the Eastern District of California entered judgment on a jury's verdict in this case. Both Kyocera and Kennecott Corporation (Kennecott) filed timely post-judgment motions. On June 5, 1991, the district court's order ruling on some of the motions was entered. Kyocera thereafter filed a notice of appeal on June 14, 1991. On June 17, 1991, the district court's order ruling on the remaining motions was entered. On July 5, 1991, Kennecott filed a notice of appeal. Kyocera did not file another notice of appeal.
 
 
 3
 Fed.R.App.P. 4(a)(4) provides that "a notice of appeal filed before the disposition of any of the above [post-judgment] motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above." The application of Rule 4(a)(4) is mandatory and jurisdictional and "we simply have no discretion to waive defects in a premature notice of appeal, whatever the consequence." Jurgens v. McKasy, 905 F.2d 382, 385 (Fed.Cir.1990).[1] See also Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 4
 Kyocera urges us here to treat certain other events as "curative" notices of appeal, e.g., the receipt of the notice by this court, the filing of the transcript purchase order, etc. We reject this argument. None of these events or filings constitute effective notices of appeal. Fed.R.App.P. 3; see also Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Kyocera's appeal no. 91-1390 is dismissed.
 
 
 7
 (2) The revised official caption shall be as follows: No. 91-1415 "KENNECOTT CORPORATION, Plaintiff-Appellant v. KYOCERA INTERNATIONAL, INC., and KYOTO CERAMIC CO., LTD., Defendants-Appellees."
 
 
 8
 (3) Kyocera's motion for leave to file a supplemental response is granted.
 
 
 9
 (4) Kyocera's motion for leave to reply to Kennecott's response is denied.
 
 
 10
 (5) Kyocera's pending motion for leave to have the district court correct a clerical mistake is granted.[2]
 
 
 
 [1]
 On issues affecting our own appellate jurisdiction, we follow our own law; we do not follow the law of the regional circuit. Woodard v. Sage Products, Inc., 818 F.2d 841, 844 (Fed.Cir.1987) (in banc)
 
 
 [2]
 Although Kyocera stated that Kennecott would not consent to this motion, Kennecott did not file an opposition
 The district court's ruling on the Fed.R.Civ.P. 60(b) motion does not affect or cure Kyocera's untimely notice of appeal.