974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael J. FLANNERY, Plaintiff/Appellant,
v.
IFA INCORPORATED, British Linen Bank, the Bank of Scotland,
Paul Sheedy, Howard McHattie, A.D. Nichol, and Ian
Brown, Defendants-Appellees.
Appeal of Gregory A. ADAMSKI.
 No. 91-3815.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 5, 1992.
Decided Aug. 21, 1992.
 
 Before POSNER, Circuit Judge, and PELL and ESCHBACH, Senior Circuit Judges.
 
 ORDER
 
 1
 Gregory Adamski, Michael Flannery's attorney in a suit against Flannery's former employer, appeals two orders of the district court sanctioning him under Rule 11 of the Federal Rules of Civil Procedure. The first sanctions order, for $10,185.18, was the result of Adamski's including a frivolous RICO claim in a textbook state-law suit in hopes of obtaining federal jurisdiction. The second sanctions order, for $2,111.50, was the result of Adamski's futile attempt, after failing to file a timely notice of appeal from the first sanctions order, to obtain an extension of the time to appeal by claiming excusable neglect. See Fed.R.App.P. 4(a)(5). Adamski argues on appeal that the court erred in denying his motion for an extension, since he had demonstrated excusable neglect for failing to file a timely appeal, and that the second sanctions order was unjustified. We dismiss the appeal of the first sanctions order and affirm the second sanctions order.
 
 I. BACKGROUND
 
 2
 We begin by establishing the relevant chronology. The first pertinent date is November 15, 1990, when the district court adopted the magistrate judge's recommendation that Adamski be sanctioned $10,185.18 for filing the baseless RICO claim. Adamski moved for reconsideration of this decision on November 26. Before ruling on this motion, the court entered final judgment on its November 15, decision on December 4. Next, on January 8, 1991, the court entered its judgment denying Adamski's motion for reconsideration. On January 11 Adamski filed a change of address form with the court clerk, hoping to avoid another incident such as occurred in December 1990, when the court's briefing schedule regarding the motion to reconsider was sent to his old address and he did not receive it until after his brief was due. Nevertheless, when the clerk mailed copies of the January 8 order to the parties it used Adamski's old address, because the change of address had not yet been docketed. As a result Adamski did not receive notice of the court's denial of his reconsideration motion until February 21, 1991, when his partner called the court to check on the status of the motion. Since the 30-day period to appeal the sanctions order had expired, Fed.R.App.P. 4(a)(4), Adamski sought a 30-day extension under Rule 4(a)(5), claiming excusable neglect based on the clerk's error in mailing the January 8 order to Adamski's old address. The court denied the extension and sanctioned Adamski $2,111.50, finding that his extension motion was clearly untimely when he filed it.
 
 II. DISCUSSION
 
 3
 Adamski first argues that the court erred in refusing to extend his time to appeal, claiming that the clerk's mailing error prevented him from filing a timely appeal. We need not decide whether the clerk's error could be a basis for excusable neglect, however, as the time to appeal expired before the court entered its January 8 order, rendering the error irrelevant. Adamski filed his motion to reconsider the first sanctions order on November 26, but the district court did not enter its final judgment on the order until December 4. When a motion to reconsider made under Fed.R.Civ.P. 59(e) is made prior to judgment, the court's entry of judgment implicitly denies the motion, commencing the 30-day period to file a notice of appeal. Dunn v. Truck World, Inc., 929 F.2d 311, 313 (7th Cir.1991). In Dunn the court held that "Final judgment necessarily denies pending motions, and so starts the time for appeal," reasoning that "Any other approach produces a morass.... No one would know whether the question was live, when the time for appeal started, or even which court had jurisdiction." Id. Further, the court "emphasize[d] the need for simplicity in jurisdictional matters. The only hope of fulfilling these goals lies in treating the judgment as denying pending Rule 59 motions." Id.
 
 
 4
 Since Adamski made his Rule 59 motion to reconsider before the court entered its judgment, that judgment implicitly denied the motion, and the 30-day appeal period commenced on December 4, 1990 and expired on January 3, 1991. Moreover, the 30-day period for seeking extensions of the time to appeal based on excusable neglect expired on February 2, 1991, well before Adamski filed his first motion for an extension on February 25. Thus, because no timely notice of appeal was filed and the motion for an extension was itself untimely, we must dismiss this portion of the appeal for lack of jurisdiction.
 
 
 5
 Adamski next contends that the second sanctions order was unjustified, as the district court erred in finding that his extension motion was untimely. We reject this argument for three reasons. First, as the preceding discussion makes clear, this motion was indeed untimely, coming more than 20 days after the time for filing such motions expired. Second, the district court could have sanctioned Adamski for his behavior in pursuing the extension. Twice he filed extension motions and set a hearing date, only to skip the hearing and refile the motion later the same day. Continuing this pattern, he also failed to appear at a hearing he requested and noticed concerning the defendants' motion for additional sanctions. These repeated no-shows cost his opponents both time and money, and the district court certainly had the inherent authority to sanction him for such behavior. See Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2136-38 (1991). Finally, Adamski failed to comply with Seventh Circuit Rule 30 by neglecting to attach the proper documents to his brief and filing a false Rule 30(c) certificate stating that he had included all required documents.[1] "[Filing a] false certificate under Rule 30(c) is sufficient reason to affirm without reaching the merits." Mortell v. Mortell Co., 887 F.2d 1322, 1327 (7th Cir.1989); see also United States v. Smith, 953 F.2d 1060, 1067 (7th Cir.1991). For these reasons, we affirm the second sanctions order.[2]
 
 
 6
 DISMISSED in part and AFFIRMED in part.
 
 
 
 [1]
 Circuit Rule 30 requires appellants to submit with their briefs copies of the order(s) being appealed and any opinion or memorandum explaining the trial court's reasoning. Adamski's brief contained only one of the orders appealed from (the second sanctions order) and did not include the two Report and Recommendation memorandums prepared by the magistrate judge and adopted by the district court in denying the motion for an extension of time and imposing the second sanctions. Copies of these documents were clearly required by Rule 30(a). Hence, his brief was incomplete and his Rule 30(c) certificate declaring that the brief complied with parts (a) and (b) of the Rule was false
 
 
 [2]
 We decline the appellees invitation to sanction Adamski pursuant to Fed.R.App.P. 38