David C. DeLONG, et al., Plaintiffs,

v.

INTERNATIONAL UNION,
et al., Defendants.

No. C–3–84–135.

United States District Court,
S.D. Ohio, W.D.

May 7, 1993.

Kantilal Chaganlal Kotecha, Anthony Bryan Pennington, Pennington & Kotecha, Springfield, OH, for plaintiffs.

Frederick Gerald Cloppert, Jr., Cloppert, Portman, Sauter, Latanick & Foley, Columbus, OH, for Intern. Union, United Auto, Aerospace and Agricultural Implement Workers, Local 402.

Frederick Gerald Cloppert, Jr., Cloppert, Portman, Sauter, Latanick & Foley, Columbus, OH, for John Minchin, Dan Jackson.

David Stewart Cupps, Anne Campbell Griffin, Vorys, Sater, Seymour & Pease, Columbus, OH, for International Harvester Co., Navistar Intern. Corp.

Frederick Gerald Cloppert, Jr., Cloppert, Portman, Sauter, Latanick & Foley, Columbus, OH, for Stephen P. Yokich.

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR JUDGMENT OR FOR A NEW TRIAL (DOC. #303); THIS DECISION AND ENTRY IS *NOT* A FINAL APPEALABLE ORDER

RICE, District Judge.

This class action, brought by eight present and former employees of International Harvester Corporation, now Navistar International Transportation Corporation ("Navistar"), arises out of the financial difficulties which Navistar experienced in the early 1980's.[1] As a result of those financial difficulties and the real fear that Navistar would be forced into bankruptcy, the Navistar negotiating committee of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("International Union" or "U.A.W."), in early 1982, opened negotiations on a new collective bargaining agreement ("CBA"), even though the CBA that was then in effect would not expire until October, 1982. The negotiations bore fruit. On April 29, 1982, the negotiating committee and Navistar reached tentative agreement on a new CBA. In addition to reaching tentative agreement on a new CBA, the parties, at the same time, executed Supplemental Letters of Understanding ("Supplemental Letters") which created a Master Recall List, under which union employees of Navistar who had lost their jobs as a result of plant closings or partial plant closings were allowed to transfer to openings at other Navistar facilities and to dovetail their seniority with or into that of employees at the facility to which they had transferred. Dovetailing refers to a process of retaining prior bargaining unit seniority when transferring to a new facility. The CBA and the Supplemental Letters were ratified nationally and by members of Local 402 of the International Union.

More than one year after the new CBA and the Supplemental Letters were ratified, Navistar and the U.A.W., on September 15, 1983, executed a letter ("September 15th letter") which resolved a grievance between them. Under the September 15th letter, a small number of persons, who were on layoff when the plants from which they had been laid-off were closed, were allowed to transfer and to dovetail their seniority.[2]

On February 24, 1984, Plaintiffs initiated this action by filing their complaint.[3] After much preliminary jousting, Plaintiffs were directed to file a second amended complaint. In their second amended complaint (Doc. #103), filed on November 1, 1985, Plaintiffs alleged that Defendants[4] violated their rights under federal and state law by the process of negotiating the 1982 CBA and the Supplemental Letters and by the process by which they were ratified. In their second amended complaint, Plaintiffs alleged for the first time that the Defendants violated their rights by executing the September 15th letter. In its Decision of August 26, 1991 (Doc. #262), this Court reviewed the procedural history of this case up to that date. That review will not be repeated herein. At that time, two classes of claims remained.[5] First, Plaintiffs had claims against the Union De-

---

1. Throughout this Decision, the Court will refer to Navistar by its current name.

2. The evidence establishes that between 20 and 26 people have transferred to Navistar's Springfield facilities and dovetailed their seniority pursuant to the September 15th letter. Therefore, at most, 26 members of the putative class have been laid-off as a result of the September 15th letter.

3. The individual Plaintiffs and the class they seek to represent are present or former members of Local 402 and present or former employees of Navistar at its Springfield, Ohio, plants.

4. The Defendants are the International Union; Stephen Yokich ("Yokich"), a vice president of the International Union; Dan Jackson ("Jackson"), chairman of the Local 402 negotiating committee; and Navistar. The International Union, Yokich and Jackson will be referred to collectively as the "Union Defendants."

5. Over a four-week period in the fall of 1987, a trial had been held on Defendants' statute of limitations defense to Plaintiffs' hybrid § 301 claims, 29 U.S.C. § 185, arising out of the ratification of the CBA and Supplemental Letters. As a result of directed verdicts and the jury's answers to interrogatories, these claims were held to be barred by the statute of limitations.

fendants under § 101(a)(1) of the LMRDA, 29 U.S.C. § 411(a)(1), and the U.A.W. constitution arising out of the ratification of the 1982 CBA and the Supplemental Letters. Second, Plaintiffs had claims against all Defendants under § 301 of the LMRA, 29 U.S.C. § 185, arising out of the September 15th letter.[6]

The Court bifurcated the trials of the two remaining classes of claims, with the claims under § 101(a)(1) and the U.A.W. constitution proceeding first.[7] The claims alleging a violation of § 101(a)(1) and breach of the U.A.W. constitution were tried over a ten day period in October and November, 1991. The Court submitted the case to a jury on interrogatories.[8] *See* Doc. #298. This Court submitted six interrogatories to the jury. Three of the interrogatories (numbers 1, 2 and 3) related to Plaintiffs' § 101(a)(1) claim, and the other three (numbers 4, 5 and 6) related to their claim under the U.A.W. constitution.[9] Interrogatory number 1 asked the jury whether the class had proved by the preponderance of the evidence that the U.A.W. had violated their right to cast a meaningful vote during the May 1, 1982, ratification meeting.[10] Interrogatory number 2 asked the same question with respect to Jackson. The jury answered "yes" to both interrogatories 1 and 2. Interrogatory number 3 introduced the concept of proximate cause and asked the jury whether the class had proved by the preponderance of the evidence that the Supplemental Letters would not have been adopted nationally if they had not been denied their meaningful right to vote by the U.A.W. and/or Jackson. The

jury answered "no" to interrogatory number 3. Interrogatory number 4 asked the jury whether the class had proved by the preponderance of the evidence that the U.A.W. violated the U.A.W. constitution. Interrogatory number 5 asked the same question with respect to Jackson. The jury answered "yes" to both interrogatories 4 and 5. Interrogatory number 6, like interrogatory number 3, introduced the concept of proximate cause and asked the jury whether the class had proved by the preponderance of the evidence that the Supplemental Letters would not have been adopted nationally if the U.A.W. constitution had not been violated by the U.A.W. and/or Jackson. The jury answered "no" to interrogatory number 6.

This case is now before the Court on Plaintiffs' motion for judgment, new trial and related relief (Doc. #303), arising out of the trial conducted in the fall of 1991, in which they seek to have the Court enter judgment, on the basis of the jury's answers to interrogatories, in their favor on their claims under § 101(a)(1) and the U.A.W. constitution, or, in the alternative, to grant them a new trial on those claims.[11] The present motion involves interrogatories numbers 3 and 6, as well as the Court's instructions relating to proximate cause. In those instructions (Doc. #296 at 3004 and 4003), the Court instructed the jury that, for either the U.A.W. and/or Jackson to be liable or legally responsible to the class, the class had to prove that the alleged violation of their rights under § 101(a)(1) and the U.A.W. constitution had caused the harm of which the class com-

---

6. By separate Decision and Entry (Doc. #315), filed May 4, 1992, the Court sustained Defendants' motions for summary judgment directed at Plaintiffs' claims arising out of the September 15, 1983 letter.

7. The Court certified these claims as a class action, with the class consisting of all current and former members of Local 402 who were entitled to vote at the May 1, 1982, ratification meeting. *See* Doc. #262 at 20.

8. The Court has not yet entered judgment on the jury's answers to the interrogatories.

9. The jury interrogatories are Doc. #298.

10. The denial of the right to cast a meaningful vote is a violation of § 101(a)(1). *See e.g., Nien-*

*baber v. Ohio Valley Carpenters Dist. Council*, 652 F.2d 1284, 1286 (6th Cir.1981).

11. In their motion, Plaintiffs alternatively ask the Court to enter a judgment notwithstanding the verdict, now referred to as a judgment as a matter of law in the Federal Rules of Civil Procedure. *See* Rule 50. A necessary predicate to such a motion is that the party seeking such relief must have moved for a directed verdict (now a judgment as a matter of law) at the close of the evidence. Rule 50(b). Herein, the Plaintiffs did not request a directed verdict at the close of the evidence; therefore, the Court cannot grant the Plaintiffs a judgment notwithstanding the verdict.

plained.[12] The Court also instructed the jury that the harm of which the Plaintiffs complained was the adoption of the Supplemental Letters; therefore, the Court told the jury to decide whether the violation of § 101(a)(1) and/or the U.A.W. constitution caused the Supplemental Letters to be adopted nationally.

Before discussing Plaintiffs' arguments in support of their motion and the responses of the U.A.W. and Jackson,[13] the Court will briefly set forth the nature of the claims that the class asserted in the phase of this case that went to trial in October and November of 1991. The claims tried in this phase of this case, as did most claims asserted herein, arose out of the ratification of the Supplemental Letters in May, 1982, with the creation of its Master Recall list. In particular, Plaintiffs contended that the Supplemental Letters, by allowing Navistar employees who transferred into the Springfield plants to dovetail their seniority, harmed the seniority rights of the members of the class. Plaintiffs and the class they represented asserted that the manner in which notice regarding the ratification meeting was given and the manner in which that meeting was conducted violated their right under § 101(a)(1) to cast meaningful votes and their rights under the U.A.W. constitution. The Plaintiffs and the class sought to recover damages from the U.A.W. and Jackson in an amount which would compensate each member of the class for the difference in salary and benefits received after the adoption of the Supplemental Letters and the amount each would have

received if the Supplemental Letters had not been adopted.[14]

In support of their motion for judgment or for a new trial (Doc. #303), Plaintiffs argue that proximate cause was not an element of their claims and, alternatively, that even if proximate cause was an element of those claims, interrogatories 3 and 6, and the Court's corresponding instructions (3004 and 4003) incorrectly defined the element of proximate cause.[15] Initially, the Court notes that it can sustain the motion, to the extent that Plaintiffs seek to have the Court enter judgment on their behalf, only if proximate cause was not an element of their claims. In other words, if Plaintiffs were only required to prove that the U.A.W. and/or Jackson violated § 101(a)(1) and/or the U.A.W. constitution (which the jury found that the class did prove) in order to recover damages, then the Court could enter judgment in favor of the Plaintiffs even though they had failed to prove that the violations were the proximate cause of the harm they claimed to have suffered. If, on the other hand, proximate cause was an element of their claims and the Plaintiffs are correct in their assertion that the Court incorrectly formulated the element of proximate cause, then they are entitled to a new trial (rather than entry of judgment) with the jury being properly instructed on that element.[16]

■ With respect to the argument that proximate cause is not an element of their claims, the Court simply rejects same. Plaintiffs have cited no authority to support

---

12. Instructions 3004, which applied to the § 101(a)(1) claim, and 4003, which applied to the claim under the U.A.W. constitution, are virtually identical.

13. At the close of Plaintiffs' case in chief, the Court directed a verdict on behalf of Yokich. With their motion for judgment (Doc. #303), the Plaintiffs do not challenge that decision. Additionally, Navistar was not a party to Plaintiffs' claims under § 101(a)(1) and the U.A.W. constitution. Therefore, the U.A.W. and Jackson are the only Defendants against whom the present motion is directed.

14. If the Plaintiffs had prevailed in this phase of the case, damages would have been determined at a subsequent proceeding.

15. Although the Plaintiffs request the Court to enter judgment on both their § 101(a)(1) claim and their claim for breach of the U.A.W. constitution, they have briefed only their claim under § 101(a)(1). However, in this Court's opinion, the identical legal principles regarding proximate cause apply to both claims.

16. Initially, the U.A.W. and Jackson argue that Plaintiffs may not challenge the interrogatories because they failed to object to them at the appropriate point in the proceedings. *See* Rule 49; 5A Moore and Lucas, *Moore's Federal Practice*, ¶ 49.03[2]. The Court does not presently have the benefit of a transcript of the jury charge conference. Accordingly, the Court will assume, *arguendo*, that the Plaintiffs adequately protected the record.

the proposition that they may recover damages from the U.A.W. and Jackson without proving that the violation of their rights by the U.A.W. and Jackson proximately caused the damages they claim to have sustained.[17] On the contrary, courts have consistently held that proximate cause is an element of a claim under labor laws. For instance, in *McGraw v. United Association of Journeymen*, 341 F.2d 705, 710 (6th Cir.1965), the Sixth Circuit held that proximate cause was a necessary element of a claim under § 101(a)(4), 29 U.S.C. § 411(a)(4). *See also, Wood v. International Broth. of Teamsters*, 807 F.2d 493, 502 (6th Cir.1986) (Union is liable to member for breach of duty of fair representation "only if its breach was 'but-for' cause of those damages."); *Deboles v. Trans World Airlines, Inc.*, 552 F.2d 1005 (3d Cir.1977); *Maoilo v. Klipa*, 655 F.Supp. 1139 (W.D.Pa.1987). *Cf. Reed v. United Transportation Workers Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989).[18] Recently, Justice Scalia explained that "it has always been the practice of common law courts (and probably all courts, under all legal systems) to require as a condition of recovery, unless the legislature specifically prescribes otherwise, that the injury have been proximately caused by the offending conduct." *Holmes v. Securities Protection Corp.*, —— U.S. ——, ——, 112 S.Ct. 1311, 1327, 117 L.Ed.2d 532 (1992) (Scalia, J. concurring). Congress has not stated that claims under § 101(a)(1) or under a union constitution do not require proof of proximate cause.

■ Accordingly, the Court overrules that portion of Plaintiffs' motion in which they seek to have the Court enter judgment on their behalf. The Court now turns to Plaintiffs' contention (and that portion of their motion in which they request a new trial pursuant to Rule 59) that the Court did not properly formulate the element of proximate cause.[19]

■ In support of their argument that the Court improperly instructed the jury on proximate cause and required it to answer inappropriate interrogatories (numbers 3 and 6) regarding that element, the Plaintiffs rely on a number of cases decided under § 401 of

**17.** The Court does not read *Christopher v. Safeway Stores, Inc.*, 476 F.Supp. 950 (E.D.Tex.1979), *affirmed*, 644 F.2d 467 (5th Cir.1981), as supporting the proposition that proximate cause is not an element of a claim under § 101(a)(1). In *Christopher*, the plaintiffs alleged that their rights under § 101(a)(1) were violated when seniority rules were altered, without their having had the opportunity to vote on the alteration. The district court held that while it was necessary to prove that the lack of a vote violated § 101(a)(1), it was not necessary for the plaintiffs to prove that the seniority rights would not have been altered if there indeed had been a vote (In affirming, the appellate court did not address that question.). While the foregoing language might seem to imply that proximate cause is not an element of a claim such as the one at bar, the *Christopher* court did not ultimately suggest that proximate cause is not an element of a claim under § 101(a)(1). *See* 476 F.Supp. at 955 ("The union is responsible for all damages suffered by the Plaintiffs *because* of the violation of [§ 101(a)(1)] ...."). Although the *Christopher* court's formulation of proximate cause was different from that of this Court and, as is discussed below, may support Plaintiffs' contention that this Court's formulation of the proximate cause element was not correct, it does not stand for the proposition that proximate cause is not an element of a claim under § 101(a)(1). Fortunately, for those seeking wisdom in the published decisions of well intentioned trial courts, the less than precise *Christopher* decision, even if one were to conclude that it is indistinguishable from the case at bar on this issue, is not binding upon this Court.

**18.** In *Reed*, the Supreme Court held that claims under § 101(a)(2), 29 U.S.C. § 411(a)(2), were governed by a state's residual personal injury statute of limitations. In so concluding, the Court noted the similarity between claims under § 101(a)(2) and state personal injury claims. 488 U.S. at 326–27. It is axiomatic that proximate cause is an element of a state personal injury claim.

**19.** A motion for new trial may be filed even though a court has not entered final judgment. *Jurgens v. McKasy*, 905 F.2d 382, 386 (Fed.Cir. 1990) (and cases cited therein at 386); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979) (motion to alter or amend pursuant to Rule 59[e]); 11 Wright & Miller, *Federal Practice and Procedure*, § 2812. Therefore, the Court may rule on Plaintiffs' motion, to the extent that it seeks a new trial, even though final judgment has not been entered on Plaintiffs' claims under § 101(a)(1) and the U.A.W. constitution, or for that matter any other of Plaintiffs' claims.

the LMRDA, 29 U.S.C. § 481.[20] *See e.g. Wirtz v. Hotel Employees*, 391 U.S. 492, 88 S.Ct. 1743, 20 L.Ed.2d 763 (1968). In *Wirtz*, the Supreme Court held that an election can be voided with proof that the violation of § 401 may have affected the outcome of the election. Thus, Plaintiffs argue that the Court should have instructed the jury, and had the jurors answer an interrogatory in light of that instruction, that a violation of § 101(a)(1) and/or of the U.A.W. constitution was the proximate cause of the harm they suffered *if* the violation *may have affected* the ratification vote in May, 1982, as opposed to the Court's instructions that the violation of § 101(a)(1) and/or the U.A.W. constitution must have proximately caused the Plaintiffs' harm (the adoption of the Supplemental Letters), i.e. the Supplemental Letters would not have been adopted if the violation or violations had not occurred. The Court does not agree. *Wirtz*, a case decided under § 401 rather than under § 101(a)(1) and/or a union constitution, defined proximate cause in such a manner because that is the way the term is defined by § 402(c) of the LMRDA, 29 U.S.C. § 482(c), which is applicable to cases brought under § 401.[21] Neither § 101(a)(1) nor the U.A.W. constitution has such a provision.

In arguing that this Court's jury instructions on proximate cause were not correct, Plaintiffs also rely *Christopher v. Safeway Stores, Inc.*, 476 F.Supp. 950 (E.D.Tex.1979), *affirmed*, 644 F.2d 467 (5th Cir.1981).[22] If one assumes that *Christopher* is not distinguishable, this Court declines to follow it. Simply stated, *Christopher* is not binding on this Court, having been decided in the Ninth Circuit, rather than in conformity with authority of the Sixth Circuit. Instructions 3004 and 4003 charged the jury on the "but-for" aspect of proximate cause, a standard which the Sixth Circuit has required. *Wood, supra.* Interrogatories numbers 3 and 6 sought the jury's findings on that issue. The Plaintiffs alleged that the U.A.W. and Jackson violated their rights under § 101(a)(1) and the U.A.W. constitution during the ratification process regarding the Supplemental Letters in May, 1982. They claimed to have suffered damages because these violations led to the adoption of the Supplemental Letters which in turn diminished their seniority rights. Accordingly, the Plaintiffs would not be entitled to recover unless the violations caused the change in seniority.

Based upon the foregoing, the Court concludes that it properly instructed the jury on the issue of proximate cause and that interrogatories numbers 3 and 6 did not require the members of the jury to answer inappropriate questions. Therefore, the Court concludes that Plaintiffs are not entitled to a new trial on their claims under § 101(a)(1) and the U.A.W. constitution.[23]

Based upon all of the foregoing, the Court overrules Plaintiffs' motion for judgment, new trial or other relief (Doc. #303) in its entirety.

This Decision and Entry is *not* a final appealable order. Rather, the Court will shortly file an order directing that judgment be entered on all claims set forth in Plaintiffs' second amended complaint (Doc. #103).

---

**20.** Section 401 governs the election of union officials.

**21.** Section 402(c) provides, in part:

> If, upon a preponderance of the evidence after a trial upon the merits, the court finds—
>
> ⁎ ⁎ ⁎ ⁎ ⁎ ⁎
>
> (2) that the violation of section 481 of this title [§ 401] may have affected the outcome of

an election, the court shall declare the election, if any, void....

**22.** The facts of *Christopher* are set forth in footnote 17, above.

**23.** Plaintiffs have also argued that the Court improperly imposed the burden of persuasion, regarding proximate cause, upon them. That argument is simply wrong. Proximate cause is an element upon which the burden of persuasion is placed on a plaintiff.