1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. KING, Plaintiff-Appellant,
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-3976.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter has been referred to a panel of the court. A review of the record indicates that the judgment of the district court dismissing the case was filed January 7 and entered February 12, 1992. On February 6, 1992, appellant served and filed a Fed.R.Civ.P. 60(b) motion to set aside the judgment. A notice of appeal was filed on February 6, 1992 (appeal No. 92-3157). On August 18, 1992, this court dismissed appeal No. 92-3157 as premature on the basis that the Fed.R.Civ.P. 60(b) motion was actually a time-tolling Fed.R.Civ.P. 59(e) motion. See Fed.R.App.P. 4(a)(4). Appellant appealed a second time on September 3, 1992 (appeal No. 92-3976). By order filed November 25 and entered November 30, the district court denied the Fed.R.App.P. 59(e) motion and advised the appellant that the order started the running of the time for filing the notice of appeal. Appellant filed his third notice of appeal on December 24, 1992 (appeal No. 93-3004).
 
 
 2
 This court lacks jurisdiction in appeal No. 92-3976. The motion to set aside the judgment was filed after announcement of the decision but before entry of the judgment on the district court docket sheet. A motion seeking reconsideration of a decision which is filed after announcement of a decision but before entry of the judgment tolls the appeal period. Jurgens v. McKasy, 905 F.2d 382, 386 (Fed.Cir.1990); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. denied, 444 U.S. 986 (1979). The motion to set aside the judgment sought reconsideration of the decision and is properly treated as a Fed.R.Civ.P. 59(e) motion which tolled the appeal period as provided by Fed.R.App.P. 4(a)(4). See White v. New Hampshire Dep't of Empl. Sec., 455 U.S. 445, 451 (1982); Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991). A notice of appeal filed before disposition of a time-tolling motion shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion. Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74 (1989); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). The motion was disposed of by order entered November 30 and appellant appealed on December 24, 1992 (appeal no. 93-3004). Therefore, this court lacks jurisdiction in appeal No. 92-3976.
 
 
 3
 Accordingly, it is ORDERED that appeal No. 92-3976 be, and it hereby is, dismissed for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit. The dismissal of appeal No. 92-3976 does not affect the pendency of appeal No. 93-3004.